ROSE v. CONTINENTAL TRUST CO. et al. TOLEDO, ST. L. & K. C. R. CO. v. SAME. HAMLIN et al. v. TOLEDO, ST. L. & K. C. R. CO. et al.

(Circuit Court of Appeals, Sixth Circuit. October 10, 1899.)

Nos. 640, 641, 673.

On Petition for Rehearing. For original opinion, see 36 C. C. A. 155, 95 Fed. 497.

LURTON, Circuit Judge. The petitions to rehear filed by the Toledo, St. Louis & Kansas City Railroad Company and others joining therein, and the independent petition filed by Dana A. Rose, have been considered, and must be dismissed. They present no questions which have not heretofore been argued and fully considered, and

which are not covered either expressly or by the principles upon which our opinion proceeded.

The contention of petitioner Rose that his fourth and fifth assignments of error have not been passed upon is erroneous. The assignments referred to are to the action of the court in striking out his objections filed to the claim of the Continental Trust Company and of the committee of bondholders filed in the administration suit. Rose's objections were filed in his character as a holder of certain shares of preferred stock. He was not a party, save as represented either by the corporation or Hamlin and others, as representing the preferred shareholders as a class. We held, upon grounds not necessary to be restated, that he had no status as a party with the right to assert independent defenses either by way of cross bill or otherwise. His answer to the Hamlin cross bill and his cross bill were filed without leave of the court, and his application to become an active party defendant to the Hamlin cross bill was denied. This denial was not subject to appeal. The mere fact that he was a stockholder gave him no right to appear and defend either the administration suit, the foreclosure suit, or the Hamlin cross bill. The corporation represented the general stockholders, and leave was granted preferred stockholders to present their rights and make general defense through Hamlin and those who should become complainants with him as a class representing the whole class of preferred stockholders, having rights common with Hamlin. Rose declined to make himself a co-complainant with Hamlin, as he might have done under the order of the circuit court, and was therefore not entitled to present his individual objections to claims filed in either of the suits. When an order shall be made directing all holders of preferred shares to present their stock for participation in the fund which may be going to that class of stockholders, a very different question may arise, if he shall then before the master present objections to preferred stock presented by others for participation in the fund going to such shareholders as a class. That question we have not passed upon, and do not now pass upon. It is sufficient to say that his interest as a shareholder did not justify his claim that each and every shareholder might severally contest claims filed against the corporation. The petitions are dismissed.